UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE SMITH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:25 CV 404 CDP |
| | ) |
| AMAZON.COM, INC., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This case is before the Court, *sua sponte*, upon review of the file.

On June 10, 2025, I ordered the defendants to show cause why default should not be entered against them under Federal Rule of Civil Procedure 55(a) given that they were served with plaintiffs' First Amended Complaint on April 9, 2025, and had not answered or otherwise defended the action.  In response to my order to show cause, defendants averred *inter alia* that they conferred with plaintiffs' counsel on April 15, who represented that plaintiffs would file a Second Amended Complaint and, further, agreed that defendants did not need to answer or otherwise respond to the First Amended Complaint.  Notably, nothing was filed with the Court indicating that agreement until defendants responded to my show cause order on June 13.  And nothing has been filed since.  The case appears to be at a standstill mutually agreed upon by the parties without notice to the Court.

The operative complaint continues to be the First Amended Complaint filed April 4, 2025, which continues to go unanswered and undefended despite service upon the defendants. Under Rule 55(a), the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" That plaintiffs have not requested entry of default makes no difference. *See Peterson v. Syracuse Police Dep't*, 467 Fed. App'x 31, 33 (2d Cir. 2012) ("The plain language of Rule 55(a) . . . does not mandate that a default be entered only upon plaintiff's request but rather implies that however a district court ultimately becomes aware of a party's default, the clerk must enter default."). *See also McCuller v. City of Rochester*, No. 21-CV-6763-FPG-MJP, 2024 WL 3287220, at *2 (W.D.N.Y. July 3, 2024); *Hill v. CACH, LLC*, No. 6:17-CV-06102-MAT, 2017 WL 3705499, at *3 (W.D.N.Y. Aug. 28, 2017) (citing cases). Although I disapprove of the parties' apparent agreement to disregard the Federal Rules of Civil Procedure, I nevertheless find that defendants have shown sufficient cause to avoid entry of default at this time.

Nearly three months have passed since plaintiffs represented to defendants that they intended to file a Second Amended Complaint, with that representation appearing to have lulled defendants into not answering the First Amended Complaint. Consequently, as stated above, the case is at a standstill. I will

therefore direct plaintiffs to file within ten (10) days a motion for leave to file a Second Amended Complaint under Federal Rule of Civil Procedure 15 that complies in all respects with Local Rule 4.07.  Failure to timely file a motion for leave pursuant to this Order will result in the First Amended Complaint remaining as the operative complaint in the case, which defendants will be required to answer or defend or face entry of default.

Accordingly,

**IT IS HEREBY ORDERED** that **within ten (10) days of the date of this Memorandum and Order**, plaintiffs shall file a motion for leave to file a Second Amended Complaint in the manner prescribed by the appropriate federal and local rules.  In the event plaintiffs do not timely file an appropriate motion for leave to file a Second Amended Complaint, this case will proceed on the First Amended Complaint filed April 4, 2025.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of July, 2025.